McNEELY *v.* THE STATE.

Paragraph 15 of section 2 of the general tax act of 1898 did not impose a tax upon manufacturers of the liquors therein mentioned who did not sell the same within the limits of this State.

Argued February 17,—Decided March 10, 1902.

Indictment for misdemeanor.   Before Judge Reagan.   Pike superior court.   December 28, 1901.

*E. M. Owens, J. M. Strickland,* and *T. E. Patterson,* for plaintiff in error.   *O. H. B. Bloodworth, solicitor-general,* contra.

LUMPKIN, P. J.   The indictment in this case charged that McNeely, on the 15th day of August, 1900, in the county of Pike, " being a dealer in and a manufacturer of spirituous liquors, did carry on the business of manufacturing spirituous liquors, not having first gone before the ordinary of said county and registered his name and place of business, and not having paid to the tax-collector of said county two hundred dollars as special tax."   On arraignment the accused demurred to the indictment on the grounds, among others, that "no offense is charged in said indictment against the laws of Georgia," and that " the allegations in said indictment are insufficient in this: that it does not show that defendant comes within the class taxed under paragraph 15, sec. 2 of the act of 1898, known as the general tax act of 1898."   The demurrer was overruled, and the case, as here presented, is controlled by the question whether or not the demurrer should have been sustained.

The alleged offense having been committed in the year 1900, it is manifest that the purpose of the indictment was to charge the accused with a violation of section 4 of the general tax act of 1898, which imposed taxes for the years 1899 and 1900, and made it penal for any person subject to tax under the 15th paragraph of section 2 of that act to do business without first registering before the ordinary and paying the specific tax by that paragraph imposed. See Acts of 1898, pp. 24, 27. Except as to certain classes of dealers not necessary to be here mentioned, it imposed " upon all dealers in spirituous or malt liquors, intoxicating bitters, or brandy fruits or domestic wines, whether dealing in any or all thereof," a special tax of " two hundred dollars for each place of business in each county where the same are manufactured or sold." The words " all dealers," as used in the language just quoted, are, without doubt, sufficiently comprehensive to include manufacturers of liquors who likewise sold the same within the limits of this State, but it is clear that the statute under consideration did not undertake to impose a tax upon one who did no more than manufacture intoxicating liquors within the territorial jurisdiction of the State of Georgia. If the act laid any tax at all upon manufacturers, it was operative only on such manufacturers as actually sold, and thus came within the definition of "dealers." It is true that the indictment described the accused as " a dealer in and a manufacturer of spirituous liquors," but it did not charge him with any act of selling. On the contrary, the specific act charged against him was that he "did carry on the business of manufacturing spirituous liquors," without having registered and paid the tax of two hundred dollars. There is, therefore, no room for doubting that the demurrer was good, and that the court erred in not so holding.

It is interesting to note, in this connection, that in framing the general tax act of 1900, imposing taxes for the years 1901 and 1902, the General Assembly employed language expressly showing an intent to tax manufacturers of spirituous liquors, whether they sold the same or not. See Acts of 1900, pp. 24-25. The 15th paragraph of the 2d section of that act distinctly imposes " upon manufacturers of spirituous or malt liquors " a tax of " two hundred dollars for each place of business in each county where the same are manufactured or sold."

*Judgment reversed. All the Justices concurring, except Little, J., absent.*